IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ DIVISION

| | |
|---|---|
| AMINUL HOQUE AND ROBIN ISRAIL, | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) CIVIL ACTION NO. CV-~~2007~~ 3:07-CV-987-WK <br> ) |
| SERVICE FIRST LOGISTICS, DONALD BAKER, INDIVIDUALLY, AND AS AN EMPLOYEE OR AGENT FOR SERVICE FIRST LOGISTICS, ET AL, et al, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

2007 NOV -2 P 1:06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## ANSWER

Come now Service First Logistics and Donald Baker and for answer to the Complaint heretofore filed, sets forth and assigns the following defenses, both separately and severally:

## PARTIES

1.  The Defendants are without sufficient information to submit or deny the information contained in paragraph number 1, and therefore, it is denied.

2.  Admitted.

3.  Admitted.

4.  The Defendants are without sufficient information to submit or deny the information contained in paragraph number 4, and therefore, it is denied.

## JURISDICTION

5. The Defendants deny that Macon County is a proper venue or jurisdiction for this action.

## FACTS

6. The Defendants are without sufficient information to submit or deny the information contained in paragraph number 6, and therefore, it is denied.

7. The Defendants admit that Donald Baker was operating the motor vehicle owned by the Defendant, Service First Logistics, on Interstate 85 at the time of this accident. The remainder of paragraph number 7 is denied.

8. The Defendants deny the allegations and information contained in paragraph number 8.

## COUNT I.

### Negligence/Wantonness

9. The Defendants adopt and incorporates, as if set forth fully herein, the previous paragraphs of this answer.

10. The Defendants deny the allegations and information contained in paragraph number 10.

11. The Defendants deny the allegations and information contained in paragraph number 11.

12. The Defendants deny the allegations and information contained in paragraph number 12.

13. The Defendants deny the allegations and information contained in paragraph number 13.

14. The Defendants deny the allegations and information contained in the unnumbered paragraph on the last page of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to each and every material allegation alleging wrongdoing on behalf of these Defendants, the Defendants deny each allegation.

### THIRD DEFENSE

The Defendants deny that they are guilty of negligence as is alleged in the Plaintiffs' Complaint, and demand strict proof thereof.

### FOURTH DEFENSE

The Defendants deny that they are guilty of wantonness as is alleged in the Plaintiffs' Complaint, and demand strict proof thereof.

### FIFTH DEFENSE

The Defendants deny that any alleged negligence on their part caused or contributed to cause the Plaintiffs' injuries as alleged in their Complaint, and demand strict proof thereof.

## SIXTH DEFENSE

The Defendants deny that any alleged wantonness on their part caused or contributed to cause the Plaintiffs' injuries as alleged in their Complaint, and demand strict proof thereof.

## SEVENTH DEFENSE

The Defendants aver that the Plaintiffs' injuries were caused by an intervening superceding action for which this Defendant is not liable.

## EIGHTH DEFENSE

The Defendants aver that there is a lack of causal relationship between the Plaintiffs and their alleged injuries and damages.

## NINTH DEFENSE

The Defendants aver that this case is barred by the applicable statute of limitations.

## TENTH DEFENSE

The Defendants aver that the Plaintiffs' claims are barred as the Plaintiffs were contributorily negligent.

## ELEVENTH DEFENSE

The Defendants plead the general issue.

TWELFTH DEFENSE

The Defendants deny that the Plaintiffs have been damaged and demand strict proof thereof.

THIRTEENTH DEFENSE

The Defendants contest the nature and extent of the Plaintiffs' damages and demand strict proof thereof.

FOURTEENTH DEFENSE

The Defendants contend that Macon County is not a proper venue or jurisdiction for this action.

FIFTEENTH DEFENSE

The Defendants deny that they are guilty of any unlawful conduct as alleged by the Plaintiffs and demand strict proof thereof.

SIXTEENTH DEFENSE

The Defendants plead the Sudden Emergency Doctrine.

**To the extent Plaintiffs make claims for punitive damages the Defendant asserts the following:**

SEVENTEENTH DEFENSE

The Defendants aver the Plaintiffs' claim under Alabama law for punitive damages is unconstitutional in that it violates the Federal Constitution prohibition against the

imposition of excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 15 of the Constitution of Alabama.

### EIGHTEENTH DEFENSE

The defendant avers that the plaintiffs' claim under Alabama law for punitive damages is unconstitutional, and it violates the Fourteenth Amendment due process clause of the United States Constitution as it involves state action in an arbitrary and discriminatory assessment of damages without objective criteria and subsequent deprivation of property and liberty interests.

### NINETEENTH DEFENSE

The Defendants aver the Plaintiffs' claim under Alabama law for punitive damages is unconstitutional in that it violates the due process clause of the Fourteenth Amendment to the United States Constitution in that it allows for arbitrary changes in permitted punishment for proscribed acts as condemned by the ex post facto clause of Article I, Section 10(1) of the United States Constitution.

### TWENTIETH DEFENSE

The Defendants further affirmatively allege that joint and several liability is unconstitutional and violative of the provisions of the United States Constitution, including, but not limited to, defendant's rights to due process and equal protection of the

law.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages is limited in accordance with Section 6-11-21, Ala. Code 1975.

_____
J. ALEX WYATT, III

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
P. O. Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. C. Franklin Snowden, III
The Snowden Law Offices, P.C.
2006 Berryhill Road
Montgomery, AL 36117

_____
OF COUNSEL