IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMINUL HOQUE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-0987-WKW |
| ) | |
| SERVICE FIRST LOGISTICS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The removing defendant has the burden of establishing the existence of federal jurisdiction, and "a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied . . . is insufficient to meet the defendant's burden." *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). If the complaint and notice of removal are inconclusive as to the amount in controversy and the plaintiffs do not challenge federal jurisdiction upon removal, the district court may allow the defendants to submit evidence in support of jurisdiction in order to ensure the jurisdictional amount is satisfied. *Id.* at 1022-23 (remanding to the district court for factual findings on whether the jurisdictional amount in controversy is satisfied); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.69 (11th Cir. 2007).

Therefore, it is ORDERED that the defendants shall show cause **on or before**

**December 28, 2007**, how the amount in controversy requirement of subject matter jurisdiction exists in this matter.

DONE this 12th day of December, 2007.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE